# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2470-CM |
| KANSAS DEPARTMENT OF SOCIAL ) | |
| AND REHABILITATION SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Jessica Williams brings this employment discrimination action, claiming that she was terminated from her employment at the Osawatomie State Hospital for illegal reasons. At the time of her termination, plaintiff was pregnant, and her doctor had restricted her from working double shifts. Plaintiff has sued a number of defendants, including Vickie Jamison, who worked in Human Resources and handed plaintiff her termination letter. Plaintiff claims that defendant Jamison is liable under 42 U.S.C. § 1983 for violating her constitutional equal protection rights.[1]

The case is before the court on a Motion to Dismiss by Defendant Vickie Jamison (Doc. 28). Defendant Jamison claims that (1) plaintiff fails to state a claim for equal protection because she has not identified any similarly-situated individuals who were treated differently than plaintiff; (2) plaintiff fails to allege defendant Jamison's personal participation in her termination, as defendant Jamison was not a decision-maker; (3) defendant Jamison is entitled to qualified immunity because there was no constitutional violation; and (4) the court should dismiss the case against defendant

---

[1] Although plaintiff initially appeared to also bring claims for violation of due process and Title VII against defendant Jamison, she clarified in her response to the motion to dismiss that she did not intend to bring such claims.

Jamison for insufficient service of process. The court will address each of these arguments in order.

## **Failure to Identify Similarly-Situated Individuals**

First, defendant Jamison claims that plaintiff fails to state a claim because she has not alleged that she was treated differently than anyone else who is similarly-situated. Plaintiff alleges that defendant Jamison told her she was terminated because she could not work double shifts while pregnant. But shortly after plaintiff's termination, plaintiff learned that the hospital eliminated all double shifts. Plaintiff therefore claims that she was treated differently from every other employee who subsequently was not required by policy to work double shifts. In the alternative, she represents that she is aware of two similarly-situated employees who were treated differently (presumably before the policy change), and asks for leave to amend her complaint to name the employees if the court finds it necessary.

As the complaint currently reads, it presents what may be an interesting issue: whether (a) a post-termination policy change, in and of itself, creates an entire group of individuals who are treated differently from a plaintiff who was terminated under the prior policy; or (b) a plaintiff must present evidence of other employees who were treated differently under the same policy—before the policy was repealed. Plaintiff represents that she can offer such evidence, which may ultimately make the issue moot.

The case is before the court on a motion to dismiss the complaint. In light of the early stage of the litigation, the parties' cursory treatment of this issue, and the possibility that it will be moot, the court will let the claim proceed at this time. The court believes that it would be proper, however, for plaintiff to amend her complaint to add allegations about the other similarly-situated employees, and the court grants plaintiff twenty-one (21) days to file such amendment.

## Personal Participation

Defendant Jamison next claims that she could not and did not terminate plaintiff. In support, defendant cites Kansas statutes and regulations governing the "appointing authority" regarding employment decisions for state hospitals. Defendant Jamison argues that the superintendent of the hospital, Greg Valentine, was responsible for the termination decision. Because Mr. Valentine made the decision, defendant Jamison argues, plaintiff has not alleged defendant Jamison's personal participation in a constitutional violation.

But plaintiff does allege that defendant Jamison participated in the decision to terminate her employment. (*See* Doc. 24, at 7 ¶ 44.) And at this stage of the proceeding, plaintiff is entitled to reasonable inferences that suggest that in her Human Resources capacity, defendant Jamison played a role in the decision. This is so especially in light of the allegation that defendant Jamison handed plaintiff the termination letter and explained why she was terminated. These allegations, viewed in the light most favorable to plaintiff, suggest that defendant Jamison was personally involved in the decision. Plaintiff's allegations are sufficient to survive a motion to dismiss.

## Qualified Immunity

Although defendant Jamison asserts qualified immunity, she does so only on the basis that plaintiff fails to state a constitutional violation. For the reasons explained above, the court determines that plaintiff has stated a constitutional violation. The court is familiar with the remainder of the qualified immunity standards, but as defendant Jamison offers no further qualified immunity analysis, the court will not continue with additional analysis. Defendant Jamison makes no argument that the constitutional right at issue was not clearly established at the time of the alleged violation.

## Insufficient Service of Process

Finally, the court examines its personal jurisdiction over defendant Jamison. Defendant Jamison asks the court to dismiss the complaint because plaintiff failed to serve her within 120 days of filing the complaint. Plaintiff acknowledges that she did not serve defendant Jamison until Day 133. But she asks the court to extend the time for service under Fed. R. Civ. P. 4(m). Unless the court extends the time for service, it lacks personal jurisdiction over defendant Jamison.

If a plaintiff shows "good cause" for a 4(m) extension, the court must grant the extension. Inadvertance and neglect, however, do not qualify as "good cause" under Tenth Circuit standards. *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (citations omitted). If a plaintiff fails to make a showing of good cause, the court still may grant a permissive extension after examining a number of factors, including the statute of limitation's role, whether the defendant had notice of the suit, and whether the delayed service prejudiced the defendant. *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995); *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004) (citations omitted). Plaintiff acknowledges that she likely cannot make the "good cause" showing, and focuses her argument on the permissive extension of time to serve.

Here, plaintiff's counsel initially concentrated on serving defendant Kansas Social and Rehabilitative Services ("KSRS"). Counsel erroneously believed that the individual defendants employed by KSRS would be served, as well, due to their relationship with KSRS. When KSRS answered the complaint after two extensions of time to answer, plaintiff realized that not all defendants had answered, and discovered counsel's mistake. Soon afterward, counsel served defendant Jamison. The statute of limitations has now run on plaintiff's claim. Plaintiff contends that defendant Jamison was on notice of the lawsuit some time ago, however, as C. William Ossmann—counsel for KSRS—initially filed an extension on her behalf.

The court believes that the factors identified above weigh in favor of granting plaintiff a

-4-

permissive extension of time for service. Plaintiff served defendant Jamison before the statute of limitations ran on the suit, but the time limit has now passed. It appears likely that defendant Jamison had earlier notice of the suit, at least through her original attorney. And any prejudice is minimal. Plaintiff only exceeded the allowed time for service by thirteen days. The court declines to dismiss the claim against defendant Jamison for failure to timely effect service.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss by Defendant Vickie Jamison (Doc. 28) is denied.

Dated this 3rd day of May 2011, at Kansas City, Kansas.

                                         **s/ Carlos Murguia**
                                         **CARLOS MURGUIA**
                                         **United States District Judge**