# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2470-CM |
| KANSAS DEPARTMENT OF SOCIAL ) | |
| AND REHABILITATION SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Jessica Williams brings this employment discrimination action, claiming that she was terminated from her employment at the Osawatomie State Hospital for illegal reasons. At the time of her termination, plaintiff was pregnant, and her doctor had restricted her from working double shifts. Plaintiff has sued a number of defendants, including Donna Darner and Kim Fisher. Defendants Darner and Fisher are current employees of defendant Kansas Social and Rehabilitative Services ("KSRS").

The case is before the court on Plaintiff's Motion for an Extension of Time to Serve Summons Out of Time as to Defendants Donna Darner [and] Kim Fisher (Doc. 37). Although plaintiff timely served defendant KSRS in September 2010, plaintiff did not serve defendant Darner until January 3, 2011, and defendant Fisher until March 19, 2011. Plaintiff filed this action on August 24, 2010, making defendant Darner's service 132 days and defendant Fisher's service 207 days after the complaint was filed. In other words, under Fed. R. Civ. P. 4(m)'s 120-day service limit, plaintiff served defendant Darner 12 days late and defendant Fisher 87 days late.

This court lacks personal jurisdiction over defendants Darner and Fisher unless the court

grants plaintiff an extension of time to serve them under Rule 4(m). If a plaintiff shows "good cause" for a 4(m) extension, the court must grant the extension. Inadvertance and neglect, however, do not qualify as "good cause" under Tenth Circuit standards. *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (citations omitted). If a plaintiff fails to make a showing of good cause, the court still may grant a permissive extension after examining a number of factors, including the statute of limitation's role, whether the defendant had notice of the suit, and whether the delayed service prejudiced the defendant. *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995); *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004) (citations omitted). Plaintiff acknowledges that she likely cannot make the "good cause" showing, and focuses her argument on the permissive extension of time to serve.

Here, plaintiff's counsel initially concentrated on serving defendant KSRS. Counsel erroneously believed that the individual defendants employed by KSRS would be served, as well, due to their relationship with KSRS. When KSRS answered the complaint after two extensions of time to answer, plaintiff realized that not all defendants had answered, and discovered counsel's mistake. Soon afterward, plaintiff served defendant Darner. Although plaintiff attempted to serve defendant "Fischer" at the same time, plaintiff could not locate her. In March 2011, plaintiff learned that she had misspelled defendant Fisher's name. She amended the complaint, and then served defendant Fisher.

After plaintiff served defendant Darner, C. William Ossmann—counsel for KSRS—filed an extension on her behalf. After plaintiff served defendant Fisher, David Davies—litigation attorney for KSRS—filed an extension on her behalf. The address for both attorneys is the same.

The statute of limitations has now run on plaintiff's claim. It ran after plaintiff served

defendant Darner, but before plaintiff served defendant Fisher. If the court were to dismiss this suit for lack of proper service, therefore, the statute of limitations would likely bar any refiled action.

The court believes that the factors identified above weigh in favor of granting plaintiff a permissive extension of time for service. As noted, plaintiff served defendant Darner before the statute of limitations ran on the suit, but the time limit has now passed. It appears likely that both defendants had earlier notice of the suit, at least through their original attorneys. And any prejudice is minimal, especially for defendant Darner, who was only served twelve days late. Defendant Fisher arguably could suffer more prejudice, but the court still does not find it significant. The case remains in its early stages. Defendant Fisher speculates that some evidence may be lost and that she has lost the ability to raise potential affirmative defenses. She does not, however, give the court any specific examples of her prejudice.

Finally, while defendant Fisher also urges the court to consider the lack of complexity in effecting service on an individual, the court determines that this factor does not weigh in her favor. Effecting service on an individual is not ordinarily complex; defendant Fisher is correct in that respect. But this case involves more than just a single individual, and a number of other situations and occurrences made plaintiff erroneously believe that she had effected service earlier, when she had not, in fact, done so.

All factors considered, the court believes that a permissive extension of time is appropriate for both defendants. Although earlier service would have been preferable—particularly for defendant Fisher—it appears to the court that a series of unique situations, some within plaintiff's control and some outside plaintiff's control, combined and led to the late service. While plaintiff's attorney made several mistaken assumptions that are obvious in hindsight, it was not necessarily clear at the time that they were mistaken. Because service has now been effected on both

defendants, the court deems service to be timely.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Extension of Time to Serve Summons Out of Time as to Defendants Donna Darner [and] Kim Fisher (Doc. 37) is granted.

Dated this 17th day of May 2011, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**