# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KANSAS DEPARTMENT OF SOCIAL ) <br> AND REHABILITATION SERVICES, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> Case No. 10-2470-CM |

## MEMORANDUM AND ORDER

Plaintiff Jessica Williams brings this employment discrimination action, claiming that she was terminated from her employment at the Osawatomie State Hospital for illegal reasons. At the time of her termination, plaintiff was pregnant, and her doctor had restricted her from working double shifts. Plaintiff has sued a number of defendants, including Kim Fisher. Plaintiff claims that defendant Fisher is liable under 42 U.S.C. § 1983 for violating her constitutional equal protection rights.

The case is before the court on a Motion to Dismiss the Third Amended Complaint by Defendant Kim Fisher (Doc. 57). Defendant Fisher claims that (1) plaintiff fails to state a claim for equal protection because she has not identified any similarly-situated individuals who were treated differently than plaintiff; (2) plaintiff fails to allege defendant Fisher's personal participation in her termination, as defendant Fisher was not a decision-maker; (3) plaintiff does not have an independent legal basis for her § 1983 claim because she cannot use § 1983 to assert the violation of rights created by Title VII; (4) defendant Fisher is entitled to qualified immunity because there was no constitutional violation; and (5) the court should dismiss the case against defendant Fisher for

insufficient service of process. Although defendant Fisher initially argued that the court should dismiss claims for violation of due process and Title VII/the Pregnancy Discrimination Act, plaintiff's Third Amended Complaint does not allege these claims against defendant Fisher, and the court will not address those arguments here.

### Failure to Identify Similarly-Situated Individuals

First, defendant Fisher claims that plaintiff fails to state a claim because she has not alleged that she was treated differently than anyone else who is similarly situated. Plaintiff alleges that defendant Fisher told her she was terminated because she could not work double shifts while pregnant. In plaintiff's Third Amended Complaint, she alleges that she "knows of at least two other Mental Health Technicians who were not pregnant, Eric Hyde and Stephanie Goddard, and who freely and regularly declined double shift work without repercussion." (Doc. 46, at 5.) Plaintiff's Third Amended Complaint sufficiently identifies similarly-situated individuals.

### Personal Participation

Defendant Fisher next claims that she could not and did not terminate plaintiff. In support, defendant cites Kansas statutes and regulations governing the "appointing authority" regarding employment decisions for state hospitals. Defendant Fisher argues that the superintendent of the hospital, Greg Valentine, was responsible for the termination decision. Because Mr. Valentine made the decision, defendant Fisher argues, plaintiff has not alleged defendant Fisher's personal participation in a constitutional violation.

But plaintiff does allege that defendant Fisher participated in the decision to terminate her employment. (*See* Doc. 46, at 3–4 ¶¶ 21–29.) And at this stage of the proceeding, plaintiff is entitled to reasonable inferences that suggest that, in her supervisory capacity, defendant Fisher

played a role in the decision.  These allegations, viewed in the light most favorable to plaintiff, suggest that defendant Fisher was personally involved in the decision.  Plaintiff's allegations are sufficient to survive a motion to dismiss.

## **Independent Legal Basis for § 1983 Claim**

Next, defendant Fisher argues that plaintiff has not alleged an independent basis for her § 1983 claim.  According to defendant Fisher, plaintiff has merely used an alleged violation of Title VII as a basis for her § 1983 claim, which is impermissible.

The law does not support defendant Fisher's position.  A plaintiff is allowed to bring both a Title VII claim and a § 1983 claim where the defendant's alleged actions independently violate the Constitution.  *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990).  Here, plaintiff has alleged an independent basis for her § 1983 claim: the Equal Protection Clause of the Fourteenth Amendment.  Whether the claims arise from the same factual allegations is immaterial.  So long as the conduct allegedly violates both Title VII and the Fourteenth Amendment, the claims can co-exist.  *See Notari v. Denver Water Dep't*, 971 F.2d 585, 587–88 (10th Cir. 1992).  The court finds defendant Fisher's attempt to distinguish *Notari* unpersuasive, and determines that the cases cited by defendant Fisher do not mandate a different result.  Plaintiff has set forth an independent legal basis for her § 1983 claim, and the court will not dismiss the claim at this time.

## **Qualified Immunity**

Although defendant Fisher asserts qualified immunity, she does so only on the basis that plaintiff fails to state a constitutional violation.  For the reasons explained above, the court determines that plaintiff has stated a constitutional violation.  Defendant Fisher also complains that plaintiff does not sufficiently allege unconstitutional motive.  Plaintiff alleges, however, that defendant Fisher knew that the Kansas Department of Social and Rehabilitation Services was

eliminating mandatory double shifts when she fired plaintiff for her inability to work double shifts. And plaintiff alleges that defendant Fisher knew of at least two other Mental Health Technicians who were not pregnant and regularly declined to work double shifts. These allegations are adequate to suggest unconstitutional motive on the part of defendant Fisher.

The court is familiar with the remainder of the qualified immunity standards, but as defendant Fisher offers no further qualified immunity analysis, the court will not continue with additional analysis. Defendant Fisher makes no argument that the constitutional right at issue was not clearly established at the time of the alleged violation.

### Insufficient Service of Process

Finally, the court denies defendant Fisher's motion to dismiss for insufficient service of process. Defendant Fisher asks the court to dismiss the complaint because plaintiff failed to serve her within 120 days of filing the complaint. The court has already addressed this issue when it granted plaintiff's motion for an extension of time to serve defendant Fisher (Doc. 48). For the reasons stated in that order, the court declines to dismiss the case against defendant Fisher for insufficient service.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss by Defendant Kim Fisher (Doc. 57) is denied.

Dated this 15th day of July 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**